1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

MANUEL FARIAS, III,

Case No. 3:15-cv-00032-HDM-WGC

7

Plaintiff,

**REPORT & RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

8

v.

9

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

10
11

Defendant.

12
13

This Report and Recommendation is made to the Honorable Miranda M. Du, United

14

States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to

15

28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Plaintiff has filed a Motion

16

for Reversal and Remand. (ECF No. 11.)[1] The Commissioner filed a Cross-Motion to Affirm and

17

Response to Plaintiff's Motion for Reversal and Remand. (ECF No. 13.) Plaintiff filed a reply

18

and response to the cross-motion. (ECF No. 14.)

19

After a thorough review, the court recommends that Plaintiff's motion be granted, that

20

the Commissioner's cross-motion be denied, and that this matter be remanded for the calculation

21

and award of benefits.

22

**I. BACKGROUND**

23

On May 4, 2012, Plaintiff filed an application for Disability Insurance Benefits (DIB),

24

with an alleged onset date of February 9, 2012. (Administrative Record (AR) 29, 192-195.) The

25

application was denied initially and on reconsideration. (AR 89, 98.) Plaintiff requested a hearing

26

before an administrative law judge (ALJ). On February 5, 2014, Plaintiff appeared, represented

27

by counsel, for the hearing. (AR 24-47.) Plaintiff testified on his own behalf. (AR 30-40.) The

28

---

[1] Refers to the court's Electronic Case Filing number.

1   ALJ also took testimony from a vocational expert (VE). (AR 41-46.) On February 27, 2014, the

2   ALJ issued a decision finding Plaintiff not disabled. (AR 9-19.) Plaintiff requested review by the

3   Appeals Council. (AR 7-8.) The Appeals Council denied review, making the ALJ's decision the

4   final decision of the Commissioner. (AR 1-6.)

5       Plaintiff now seeks review from the district court. He argues: (1) the ALJ erred in finding

6   Plaintiff's past work as a porter was past relevant work; and (2) Medical-Vocational Rule 202.06

7   directs a finding of disabled. (ECF No. 11.) The Commissioner argues that the ALJ properly

8   found that Plaintiff's past relevant work as a porter constituted substantial gainful activity. (ECF

9   No. 13.)

10   **II. STANDARD OF REVIEW**

11   **A. Substantial Evidence**

12       The court must affirm the ALJ's determination if it is based on proper legal standards and

13   the findings are supported by substantial evidence in the record. *Gutierrez v. Comm'r Soc. Sec.*

14   *Admin.*, 740 F.3d 519, 522 (9th Cir. 2014) (citing 42 U.S.C. § 405(g)). "Substantial evidence is

15   'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

16   reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez*, 740 F.3d at 523-

17   24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

18       To determine whether substantial evidence exists, the court must look at the record as a

19   whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*,

20   740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may

21   not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*,

22   759F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035

23   (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in

24   medical testimony, and for resolving ambiguities.'" *Id*. (quoting *Andrews v. Shalala*, 53 F.3d

25   1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or

26   reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner."

27   *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

28   That being said, "a decision supported by substantial evidence will still be set aside if the ALJ

1  did not apply proper legal standards." *Id*. (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d

2  1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In

3  addition, the court will "review only the reasons provided by the ALJ in the disability

4  determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*,

5  759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

6  **B. Five-Step Evaluation Process of Disability**

7        Under the Social Security Act, "disability" is the inability to engage "in any substantial

8  gainful activity by reason of any medically determinable physical or mental impairment which

9  can be expected to result in death or which has lasted or can be expected to last for a continuous

10  period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant "shall be determined

11  to be under a disability only if his physical or mental impairment or impairments are of such

12  severity that he is not only unable to do his previous work but cannot, considering his age,

13  education, and work experience, engage in any other kind of substantial gainful work which

14  exists in the national economy, regardless of whether such work exists in the immediate area in

15  which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if

16  he applied for work." 42 U.S.C. §  1382c(a)(3)(b).

17        The Commissioner has established a five-step sequential process for determining whether

18  a person is disabled. 20 C.F.R. § 404.1520 & § 416.920; *see also Bowen v. Yuckert*, 482 U.S.

19  137, 140-41 (1987).In the first step, the Commissioner determines whether the claimant is

20  engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is

21  denied. 20 C.F.R. §  404.1520(a)(4)(i), (b); §  416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the

22  claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

23        The second step requires the Commissioner to determine whether the claimant's

24  impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and

25  § 416.920(a)(4)(ii); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits

26  the claimant's physical or mental ability to do basic work activities. *Id*.

27        In the third step, the Commissioner looks at a number of specific impairments listed in

28

1    20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the

2    impairment meets or is the equivalent of one of the Listed Impairments. 20 C.F.R.

3    § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (c). The Commissioner presumes the Listed

4    Impairments are severe enough to preclude any gainful activity, regardless of age, education, or

5    work experience. 20 C.F.R. § 404.1525(a). If the claimant's impairment meets or equals one of

6    the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed

7    disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(d). If the claimant's impairment is

8    severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to

9    step four. *Yuckert*, 482 U.S. at 141.

10        At step four, the Commissioner determines whether the claimant can still perform "past

11   relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past

12   relevant work is that which a claimant performed in the last fifteen years, which lasted long

13   enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R.

14   § 404.1565(a) and § 416.920(b)(1).

15        In making this determination, the Commissioner assesses the claimant's residual

16   functional capacity (RFC) and the physical and mental demands of the work previously

17   performed. *See id.;* 20 C.F.R. § 404.1520(a)(4); *see also Berry v. Astrue*, 622 F.3d 1228, 1231

18   (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R.

19   § 1545 and § 416.945. In determining RFC, the Commissioner must assess all evidence,

20   including the claimant's and others' descriptions of limitation, and medical reports, to determine

21   what capacity the claimant has for work despite the impairments. 20 C.F.R. § 404.1545(a) and

22   § 416.945(a)(3).

23        A claimant can return to previous work if he or she can perform the "actual functional

24   demands and job duties of a particular past relevant job" or "[t]he functional demands and job

25   duties of the [past] occupation as generally required by employers throughout the national

26   economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and

27   citation omitted).

28

1    If the claimant can still do past relevant work, then he or she is not disabled for purposes

2    of the Act. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131 ("Generally,

3    a claimant who is physically and mentally capable of performing past relevant work is not

4    disabled, whether or not he could actually obtain employment.").

5    If, however, the claimant cannot perform past relevant work, the burden shifts to the

6    Commissioner to establish at step five that the claimant can perform work available in the

7    national economy. 20 C.F.R. § 404.1520(e) and § 416.290(e); *see also Yuckert*, 482 U.S. at 141-

8    42, 144. This means "work which exists in significant numbers either in the region where such

9    individual lives or in several regions of the country." *Gutierrez*, 740 F.3d at 528. If the claimant

10   cannot do the work he or she did in the past, the Commissioner must consider the claimant's

11   RFC, age, education, and past work experience to determine whether the claimant can do other

12   work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the

13   testimony of a vocational expert or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094,

14   1100 (9th Cir. 1999).

15   "The grids are matrices of the four factors identified by Congress—physical ability, age,

16   education, and work experience—and set forth rules that identify whether jobs requiring specific

17   combinations of these factors exist in significant numbers in the national economy." *Lockwood v.*

18   *Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (internal quotation marks and

19   citation omitted). The Grids place jobs into categories by their physical-exertional requirements,

20   and there are three separate tables, one for each category: sedentary work, light work, and

21   medium work. 20 C.F.R. Part 404, Subpart P, Appx. 2, § 200.00. The Grids take administrative

22   notice of the numbers of unskilled jobs that exist throughout the national economy at the various

23   functional levels. *Id*. Each grid has various combinations of factors relevant to a claimant's

24   ability to find work, including the claimant's age, education and work experience. *Id*. For each

25   combination of factors, the Grids direct a finding of disabled or not disabled based on the

26   number of jobs in the national economy in that category. *Id*.

27   If at step five the Commissioner establishes that the claimant can do other work which

28   exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566. Conversely,

1  if the Commissioner determines the claimant unable to adjust to any other work, the claimant

2  will be found disabled. 20 C.F.R. § 404.1520(g); *see also Lockwood*, 616 F.3d at 1071;

3  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

### III. DISCUSSION

**A. ALJ's Findings in this Case**

6          The ALJ found at step one that Plaintiff did not engage in substantial gainful activity

7  during the period from his alleged onset date of February 9, 2012, through his date last insured of

8  December 31 ,2012. (AR 15.)

9          At step two, the ALJ concluded that Plaintiff has the following severe impairments:

10  degenerative disc disease of the lumbar spine; minimal osteoarthritis of the bilateral knees;

11  subjective pain secondary to recurrent lipomas; and an adjustment disorder. (AR 15.)

12          At step three, the ALJ found Plaintiff did not have an impairment or combination of

13  impairments that met or medically equaled the severity of one of the Listed Impairments. (AR

14  15.)

15          At step four, the ALJ assigned Plaintiff an RFC of light work as defined in 20 C.F.R.

16  § 404.1567(b), with added limitations of: frequent balancing; occasional remaining postural

17  movements; an avoidance of concentrated exposure to excessive vibration or hazards; and

18  simple, routine, repetitive tasks consistent with unskilled work with only occasional interaction

19  with the public. (AR 16.)

20          The ALJ then found that through the date last insured, Plaintiff was capable of

21  performing past relevant work as a porter/cleaner. (AR 18.) The ALJ determined that the prior

22  work was within fifteen years of the alleged onset date and his actual duration for the position

23  exceeded the durational requirements of Social Security Ruling 82.62. (AR 18.) The ALJ stated:

24  "Although wage reports are inconclusive, work history reports, and disability applications

25  document substantial gainful activity earnings for the relevant durational time period of up to 30

26  days for an unskilled SVP 2 position." (AR 18.) As such, the ALJ found that Plaintiff's position

27  as a porter/cleaner met the requirements for past relevant work as defined in Social Security

28  Ruling 82.62. (AR 19.) The VE testified that an individual with Plaintiff's age, education, work

1  experience and RFC would be able to perform Plaintiff's past relevant work as a porter/cleaner

2  as actually performed and as generally performed. (AR 19.) In comparing Plaintiff's RFC with

3  the physical and mental demands of this work, the ALJ found Plaintiff able of performing the

4  position of a porter/cleaner as actually and as generally performed. (AR 19.) As a result, the ALJ

5  concluded Plaintiff was not under a disability at any time from February 9, 2012, the alleged

6  onset date, through December 31, 2012, the date last insured. (AR 19.)

7  **B. Past Relevant Work & Substantial Gainful Activity**

8  Plaintiff argues that the ALJ erred in finding Plaintiff's past work as a porter was past

9  relevant work, contending that the evidence proves that this job was not performed at the level of

10  substantial gainful activity so it was not past relevant work. (ECF No. 11-1 at 6.) The work

11  history reports show that Plaintiff worked as a porter form either June to July of 2009 or May to

12  July of 2009, and he testified that he worked as a porter at Casino Fandango. Plaintiff asserts that

13  his earnings records show that he earned $877.50 at Casino Fandango in 2009. (AR 210.)

14  Plaintiff contends that the monthly substantial gainful activity amount for 2009 was $980. (ECF

15  No. 11-1 at 7, citing *Substantial Gainful Activity*, Social Security Administration,

16  https://www.socialsecurity.gov/oact/cola/sga.html, last visited May 28, 2015.) Therefore,

17  Plaintiff asserts that his earnings from this job in 2009 did not reach the threshold amount even if

18  he only worked as a porter for one month. As such, Plaintiff maintains his work as a porter was

19  not performed at the level of substantial gainful activity and was not past relevant work.[2]

20  The Commissioner acknowledges that Plaintiff's earnings report indicates he received

21  $877.50 from Casino Fandango in 2009. (ECF No. 13 at 4, citing AR 210.) The Commissioner

22  points out that as the ALJ noted, Plaintiff's wage records were inconclusive regarding whether

23  his earnings reached the substantial gainful activity level. (ECF No. 13 at 4.) At the hearing,

24  Plaintiff testified he last worked as a porter in July or August of 2012. (ECF No. 13 at 5, citing

25  AR 39.)[3] The Commissioner points to his two work history reports that indicate he worked as a

26  _____

27  [2] Plaintiff points out that the porter job identified by the VE in this case as prior work is not the porter job identified by the VE in connection with a prior application for benefits filed by Plaintiff. (ECF No. 11-1 at 9.)

28  [3] The year cited was obviously a mistake as Plaintiff filed his application for benefits on May 4, 2012, and the ALJ found Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of February 9, 2012, through his date last insured of December 31, 2012, which would have encompassed July or

porter from June to July 2009 and in another report from May to July 2009. (ECF No. 13 at 5, AR 227.) As a result, the Commissioner argues that the record was ambiguous regarding the duration of Plaintiff's employment as a porter, and the total wages he received from the job. (AR 18.) The Commissioner contends that the ALJ's determination that the job qualified as past relevant work was a rational interpretation of the evidence, and should be upheld. (ECF No. 13 at 5.)

In his reply, Plaintiff argues that the ALJ's ability to resolve ambiguities in the evidence does not allow the ALJ to ignore evidence. (ECF No. 14 at 2.) Plaintiff contends that it was not reasonable for the ALJ to accept the Plaintiff's reports of his earnings over official earnings records. (*Id*.)

"Past relevant work" is "that [work the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. 40.1560(b)(1).

"Substantial gainful activity is work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). "Gainful work activity is work activity that you do for pay or profit." 20 C.F.R. § 404.1572 (b).

Earnings may show substantial gainful activity. 20 C.F.R. § 404.1574(a)(1). In evaluating whether work is substantial gainful activity, the "primary consideration will be the earnings [the claimant] derive[s] from the work activity." 20 C.F.R. § 404.1574(a)(1). SSA "will use [the claimant's] earnings to determine whether [the claimant] ha[s] done substantial gainful activity unless [it has] information from [the claimant], [the claimant's] employer, or others that shows that we should not count all of your earnings." 20 C.F.R. § 404.1574(a)(1). To determine whether a claimant has substantial gainful activity, SSA looks at an average amount of monthly earnings by disability type (blind or not blind) for the year in question. Here, the parties agree that amount was $980 per month in 2009. (ECF No. 11-1 at 7, citing *Substantial Gainful Activity*,

August of 2012. (AR 15.) The Commissioner acknowledges this was likely a mistake, stating that the record supports that he left the job in 2009. (ECF No. 13 at 5, n. 2.)

- 8 -

Social Security Administration, https://www.socialsecurity.gov/oact/cola/sga.html, last visited May 28, 2015; ECF No. 13 at 4, citing Programs Operations Manual System (POMS) DI 10501.015, Table 2.)

Plaintiff testified at the hearing that he worked as a porter at Casino Fandango. (AR 38.) When he was asked when he left that job, he testified: "August, I think it was July or August of 2012 or something like that. It's hard -- I can't remember." (AR 38-39.)

Here, the VE provided a work summary from the record for Plaintiff. (AR 271-72.) It identified Plaintiff's work as a porter/cleaner, security guard, stock clerk, host and apartment manager. (AR 271-72.) After questioning Plaintiff at the hearing, the position of retail cashier was added as past work. (AR 42-44.) The VE testified that a person with Plaintiff's age, education, work experience and RFC would be able to perform the porter position. (AR 44-45.)

As indicated above, the ALJ found that Plaintiff's prior work as a porter was performed within fifteen years of Plaintiff's alleged onset date, and the actual duration for this position exceeded the durational requirements of Social Security Ruling 82.62. (AR 18.) The ALJ then stated: "Although wage reports are inconclusive, work history reports, and disability applications documents substantial gainful activity earnings for the relevant durational time period of up to 30 days for an unskilled SVP 2 position (B1E, 1-2; B3E, 3)." (AR 18.) As such, the ALJ found Plaintiff's position as a porter/cleaner met the requirements for past relevant work as defined in Social Security Ruling 82.62. (AR 19.)

Exhibit B1E relied on by the ALJ is a work history report dated July 18, 2010. (AR 213-22.) In this report, Plaintiff stated that he worked as a porter at a casino from June 2009 to July 2009. (AR 213.) For this job, he stated that he was paid $7.50 per hour, and worked seven to eight hours a day, five days a week. (AR 214.)

Exhibit B3E relied on by the ALJ  is a disability report dated June 2, 2012. (AR 225-231.) In this report, Plaintiff indicates that he stopped working because of his conditions on July 17, 2009. (AR 226.) There, he reported that he worked as a porter in a casino from May 2009 to July 2009, for eight hours a day, five days a week, at the rate of $8.25 an hour. (AR 227.)

1     The court agrees that while an ALJ may resolve ambiguities in the evidence, the ALJ's

2  determination that Plaintiff's work as a porter was substantial gainful activity, so as to qualify as

3  past relevant work, is not supported by substantial evidence in the record. First, it was not

4  reasonable for the ALJ to rely on Plaintiff's self-reports of his earnings, over official earnings

5  records, when his two self- reports themselves were inconsistent. Plaintiff said he earned $7.50

6  per hour in one report, and $8.25 per hour, in another, neither of which squares up with the

7  amount the official earnings records show Plaintiff earned from Casino Fandango in 2009. It is

8  notable that when Plaintiff was asked to testify on the topic of his past work at the hearing, he

9  had difficulty recalling pertinent details. ( AR 38-39.)

10     Moreover, the official earnings records appear to show that Plaintiff received $877.50

11  from Casino Fandango in 2009, as well as $133.00 from High Sierra Food & Beverage, Inc.,

12  Firkin and Fox in Carson City in 2009, for an earning total in 2009 of  $1010.50. (AR 201, 210.)

13  There is no testimony in the record about when Plaintiff worked for High Sierra Food &

14  Beverage, Inc., allowing the ALJ to combine the earnings from the two employers in order to

15  conclude that Plaintiff satisfied the monthly average of $980 in 2009. Even if there was, it would

16  not establish that the job as a porter for Casino Fandango was performed at the substantial

17  gainful activity level.

18     Therefore, the court finds that the ALJ erred in concluding that Plaintiff's prior work was

19  performed at the substantial gainful activity level, and constituted past relevant work.

20  **C. Step Five**

21     Plaintiff argues that since he did not perform past relevant work, the ALJ should have

22  found Plaintiff disabled pursuant to Medical-Vocational Rule 202.06 based on his age, education

23  and work experience. (ECF No. 11-1 at 9-10.) The Commissioner does not address this

24  argument, but instead relies solely on the argument that the ALJ properly found the prior work as

25  a porter to be past relevant work. The court has found the ALJ erred in this regard; therefore, the

26  court will now address whether the Grids direct a finding of disability.

27

28

When a claimant is not doing substantial gainful activity and is prevented from doing vocationally relevant past work, the Medical-Vocational Rules, or Grids, may direct a finding of disability. 20 C.F.R. § 404.1569; *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

Medical-Vocational Rule 202.06 states that an individual limited to light work is disabled where he is of advanced age (55 or older), has a high school or greater education that does not provide for direct entry into skilled work, and has skilled or semi-skilled past relevant work from which no skills are transferrable to other jobs the individual can perform. Appendix 2 to Subpart P of 404 (Table 2).

The ALJ is to apply the age category into which a claimant falls during the period of time in which the ALJ makes the disability determination. 20 C.F.R. § 404.1563(b). The ALJ should perform the Grid analysis based upon the claimant's age at as of the decision date. *See Lockwood v. Comm'r of Social Sec. Admin.*, 616 F.3d 1068, 1071-72 (9th Cir. 2010). Plaintiff was born October 13, 1955, and was 56 as of his alleged onset date of February 9, 2012, and 58 at the time of the ALJ's decision, so he was of advanced age at the time of the decision.

Plaintiff  reported completing a twelfth grade education in 1973, which was 39 years prior to his alleged onset date and too remote to provide direct entry into skilled work. Appendix 2 to Subpart P of Part 404, § 202.00(c) ("Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.") The VE testified Plaintiff had no transferable skills from prior work within the ALJ 's RFC limitations. (AR 42-45.) Therefore, it appears that Medical-Vocational Rule 202.06 directs a finding of disability as to Plaintiff.

Here, the ALJ erred in considering Plaintiff's prior work as a porter to be past relevant work. The record is fully developed, and further administrative proceedings would serve no useful purpose because based on Medical-Vocational Rule 202.06 the ALJ would be required to find Plaintiff disabled on remand. Therefore, the court recommends that this matter be remanded for the calculation and award of benefits.

///

# IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion (ECF No. 11) be **GRANTED**; that the Commissioner's cross-motion to affirm be **DENIED**; and that this matter be **REMANDED** for the calculation and award of benefits.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: February 1, 2016.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE