UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MANUEL FARIAS, III, | ) | 3:15-cv-00032-HDM-WGC |
|         Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) | |
|         Defendant. | ) | |

    The court has considered the report and recommendation of the United States Magistrate Judge (ECF No. 15) filed on February 1, 2016, in which the Magistrate Judge recommends that this court enter an order granting the plaintiff's motion for reversal and remand (ECF No. 11), denying the defendant's cross-motion to affirm (ECF No. 13), and ordering this matter be remanded for the calculation and award of benefits.

    On February 16, 2016, the defendant filed an objection to the report and recommendation. (ECF No. 16). On February 29, 2016, the plaintiff filed an opposition to the defendant's objection. (ECF No. 17).

1

     The court has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law. One of the defendant's principle objections to the report and recommendation is that plaintiff's past relevant work as a porter was previously adjudicated, making that determination administratively final. However, the Administrative Law Judge (ALJ) specifically held that the presumption of continuing disability does not apply in this case "due to the additional severe impairment of adjustment disorder not considered in the prior decision." (AR 13). As such, the issue of whether plaintiff's past work as a porter qualifies as past relevant work was properly raised by the plaintiff. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988)(holding that res judicata does not bar reconsideration of disability when an applicant alleges changed circumstances indicating a greater disability).

     The parties agree that the monthly substantial gainful activity amount for non-blind individuals for 2009 was $980. The court finds that it was not reasonable for the ALJ to rely on plaintiff's inconsistent self-reports of his earnings, over official earnings records that show plaintiff received $877.50 from Casino Fandango in 2009. Additionally, it has never been shown or alleged that the $133.00 plaintiff received from High Sierra Food & Beverage, Inc., was earned in the same month that the plaintiff worked for Casino Fandango. Thus, the court concludes that the ALJ's decision was not supported by substantial evidence in the record and that the ALJ erred in finding that plaintiff's past work as a porter was performed at the substantial gainful activity level.

     Accordingly, with good cause appearing, the court hereby **ADOPTS AND ACCEPTS** the report and recommendation of the United States

1  Magistrate Judge (ECF No. 15).  Therefore, plaintiff's motion for
2  remand and reversal (ECF No. 11) is granted and defendant's cross-
3  motion to affirm (ECF No. 13) is denied. This action is remanded for
4  the calculation and award of benefits.  The Clerk of the Court shall
5  enter judgment accordingly.

6      IT IS SO ORDERED.

7      DATED: This 7th day of June, 2016.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE