# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL FARIAS, III, | 3:15-cv-00032-HDM-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is a Motion for Attorney's Fees Pursuant to Social Security Act Section 206(b)(1) and U.S.C. § 406(b)(1). (ECF Nos. 20, 20-1 to 20-5.) The Commissioner filed a non-opposition. (ECF No. 21.)

## I. BACKGROUND

Plaintiff, represented by counsel, filed his complaint for review of the Commissioner's decision finding him not disabled on January 20, 2015. (ECF No. 1-2.) A motion for remand was then filed on Plaintiff's behalf. (ECF No. 11.) The Commissioner filed a response and cross-motion to affirm. (ECF No. 13.) Plaintiff filed a reply and response to the cross-motion. (ECF No. 14.) On February 1, 2016, the undersigned recommended that Plaintiff's motion be granted; the Commissioner's motion be denied; and that the matter be remanded for the calculation and award of benefits. (ECF No. 15.) The Commissioner filed an objection to the report and recommendation (ECF No. 16), and Plaintiff filed a response (ECF No. 17). On June 7, 2016, District Judge Howard D. McKibben entered an order adopting

and accepting the report and recommendation, and ordered the action remanded for the calculation and award of benefits. (ECF No. 18.) Judgment was entered the same day. (ECF No. 19.)

On January 24, 2017, the motion for attorney's fees was filed.

## **II. DISCUSSION**

The court may award fees under 42 U.S.C. § 406(b)(1) when it "renders a judgment favorable to a claimant … who was represented before the court by an attorney … not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" "[A]n award under § 406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215-20 (9th Cir. 2012). The claimant has the burden of producing "satisfactory evidence" in addition to his or her attorney's own affidavits, that the requested rates comport with "'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *See Widrig v. Apfel*, 140 F.3d 1207, 1209-10 (9th Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Unlike a "fee-shifting" statute, which requires the losing party to pay the prevailing party's attorney's fees, § 406(b)(1) deals with the amount a prevailing party must pay his attorney. *See Widrig*, 140 F.3d at 1210-11. "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).

In conducting the fee analysis, the court should begin with the contingent fee agreement, and then test it for reasonableness. *Gisbrecht*, 535 U.S. at 808. *Gisbrecht* rejected the approach taken by many circuits, including the Ninth Circuit, that used the Lodestar method to determine the reasonableness of the fee. *See Crawford v. Astrue,* 586 F.3d 1142, 1148 (9th Cir. 2009).

Therefore, the court must first determine whether the contingency fee agreement is within the statutory twenty-five percent cap, and then must look at reasonableness of the fee. *Gisbrecht,* 535 U.S. at 800, 808; *Crawford,* 586 F.3d at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford,* 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

In *Crawford*, the Ninth Circuit recognized that *Gisbrecht* did not provide a "definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed." *Crawford*, 586 F.3d at 1151. As a result, *Crawford* set forth factors that district courts should consider in determining the reasonableness of the fee, including: (1) the character of the representation (whether there was substandard performance), (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *See id.* at 1151-52. "'[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement,' but 'not as a basis for satellite litigation,' the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* (citing *Gisbrecht*, 535 U.S. at 807).

Here, the terms of the contingency agreement between Plaintiff and his counsel is within the statutory limits of § 406(b). It provides for the recovery of twenty-five percent of past-due benefits awarded. (ECF No. 20-3.) According to counsel, total past due benefits were awarded in the amount of $42,287.60, and counsel seeks to recover twenty-five percent of that amount, which is $10,571.90.

The court also finds the requested fees to be reasonable. There is no indication Plaintiff's counsel was ineffective or dilatory, and counsel achieved a favorable result for Plaintiff. 31.50 hours were spent on this case, and for $10,571.90 in fees, that works out to an effective hourly rate of $335.61. The amount requested is not out of proportion with the work performed, and the fees are not so large in comparison to the amount of time counsel spent that a reduction in fees is justified. *See Crawford,* 586 F.3d at 1145 (approving requests for fees with an effective hourly rate of $659, $813, and $875); *see also Hearn v. Barnhart,* 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (citing cases approving awards with hourly rates ranging up to $694.44 and noting that "[s]ince *Gisbrecht* … district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency-fee arrangements" because "courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk

of loss.").

Finally, attorneys representing Social Security claimants assume a significant risk in accepting these cases "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Crawford*, 586 F.3d at 1152.

Therefore, after applying the factors discussed above, the court finds that counsel has demonstrated a twenty-five percent fee is reasonable for this case, and the motion for $10,571.90 in fees under 42 U.S.C. § 406(b) should be granted.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** the motion for fees in the amount of $10,571.90 under 42 U.S.C. § 406(b)(1).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: April 26, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE